A95A2663. IN THE INTEREST OF T. C. S., a child.
(469 SE2d 802)

ANDREWS, Judge.

T. C. S., age 15, was charged with aggravated child molestation, sexual battery, and delinquent act/violation of supervision. We granted his application for interlocutory appeal from juvenile court to determine whether the State failed to comply with the time constraints for speedy trial mandated by OCGA § 15-11-21 (c) (1).

T. C. S. was taken into State custody on March 28, 1995, and charged with the above-stated offenses. Under OCGA § 15-11-5 (b) (2) (A) (v) the Sumter County Superior Court had exclusive jurisdiction over T. C. S. because he was charged with aggravated child molestation. After T. C. S. could not produce bond,[1] he remained at the Albany Regional Youth Development Center until May 24, 1995.

[1] Both the State and T. C. S. agree that the superior court held a detention hearing on March 31, 1995, and that bond was set. No transcript has been made available of that hearing.

"Before indictment, the district attorney may, after investigation and for extraordinary cause, decline prosecution in the superior court of a child 13 to 17 years of age alleged to have committed an offense specified in subparagraph (A) of this paragraph. Upon declining such prosecution in the superior court, the district attorney shall immediately withdraw the case and lodge it in the appropriate juvenile court for adjudication." OCGA § 15-11-5 (b) (2) (C). The district attorney, John Parks, decided not to prosecute T. C. S. as an adult due to his age and physical size. So on May 15, 1995, he dictated a letter directed to David Dunaway, senior court service worker, informing him of his position on T. C. S.'s case. On May 18, 1995, after making his final decision, Parks signed and mailed the letter to Dunaway so that Dunaway "could see that the transfer of jurisdiction was properly documented, pursuant to OCGA § 15-11-5 (b) (2) (C)." A delinquency petition was filed in Sumter County Juvenile Court on May 23, and a hearing was specially set for May 24, within 72 hours.

At the May 24 hearing, T. C. S. moved to dismiss the delinquency petition against him claiming he had been detained for longer than 72 hours without a detention hearing in violation of OCGA § 15-11-21 (c) (1). Dunaway testified that he was the only person authorized to open mail from the district attorney's office and because he had been out of town at a conference for a few days, a delay in opening the district attorney's letter may have resulted. Dunaway testified that upon his receipt of the letter he immediately proceeded to set up a hearing. After hearing testimony, the juvenile court granted T. C. S.'s motion and dismissed the petition because it appeared that the detention hearing was not held within 72 hours. Immediately following the hearing, the State's attorney instructed the Sumter County Sheriff's Department to release T. C. S. The State moved for reconsideration to reinstate the delinquency petition on the ground that the applicable time limit did not begin on May 15, the day the district attorney's letter was dictated, or on May 18, the day the letter was postmarked, but rather it began on May 23, the date the petition was filed, because the juvenile court did not obtain jurisdiction over T. C. S. until that date.

T. C. S. appeals the juvenile court's granting of the State's motion for reconsideration. Although T. C. S. enumerates three errors, the controlling issue is when jurisdiction vested in the juvenile court so as to trigger the 72-hour statutory time period for a detention hearing.

1. T. C. S. contends that the juvenile court erred in ruling that he did not come under its jurisdiction until the district attorney's letter declining prosecution was received by the juvenile court officer. He also argues that the time limit under OCGA § 15-11-21 (c) (1) began running when the State declined prosecution. We disagree.

We note at the outset that this is a case of first impression because until the passage of OCGA § 15-11-5, as amended, effective May 1, 1994, a superior court and a juvenile court had concurrent jurisdiction in a case of this nature. Also, under these facts, the usual transfer procedures under OCGA § 15-11-39 are inapplicable. See OCGA § 15-11-39 (f). Thus, under the amended statute, from the date of the criminal warrant forward, the Sumter County Superior Court had exclusive jurisdiction over this matter pursuant to OCGA § 15-11-5 (b) (2) (A) and it determined and set T. C. S.'s bond.

Relying on OCGA § 9-11-5 (b), T. C. S. argues that the controlling date is May 18, when the district attorney mailed the letter, because by analogy, notice is complete upon the mailing of service in civil cases. This is not, however, a valid comparison. The superior court had jurisdiction and retained jurisdiction until the district attorney declined prosecution, withdrew the case, and lodged it in Sumter County Juvenile Court, the appropriate juvenile jurisdiction. OCGA § 15-11-5 (b) (2) (C). Parks' letter was only a portion of the requisite process. Thus, neither the time of the district attorney's decision not to seek an indictment nor the time of mailing a formal letter is determinative. Until all the statutory requirements were completed, the case remained under the jurisdiction of the Sumter County Superior Court. Therefore, the proceedings in juvenile court were not commenced until the petition alleging delinquency was filed on May 23. OCGA § 15-11-11 (4).

2. Having determined in Division 1 that the juvenile court lacked jurisdiction over the case until the entire process was completed, including the filing of the petition for delinquency, the juvenile court properly denied T. C. S.'s motion to dismiss. Because the 72 hours did not commence until the petition was filed on May 23, T. C. S. was not denied his right to a speedy trial. We also reject T. C. S.'s argument that from May 18 he was illegally detained under no valid authority because he was under the superior court's exclusive jurisdiction. Similarly, we find no merit to his contention that the juvenile court lacked the authority to order a rehearing. See *In re P. S. C.*, 143 Ga. App. 887, 889 (240 SE2d 165) (1977).

*Judgment affirmed. Blackburn, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MARCH 8, 1996.

*Cecilia M. Cooper*, for appellant.
*John R. Parks, District Attorney, Barbara A. Becraft, Assistant*

*District Attorney*, for appellee.